## LOMBARDO v. FERGUSON et al.

A COPY of a notice posted on a mining claim to show its extent, is not admissible in evidence, if the notice itself be attainable. Such evidence is secondary, and is admissible only upon the terms which control its introduction in other cases.

APPEAL from the Fifth District.

Action to recover nine hundred feet of a quartz claim. Plaintiff proved that the lead was discovered by one Villas, and located by him and four others, plaintiff being one. It was also shown that the discoverer, under the mining customs, was entitled to three hundred feet, and each locator to one hundred and fifty feet. Plaintiff introduced bills of sale from the locators of this claim to himself, and proved that subsequently to such location, defendants entered upon one hundred and fifty feet of the nine hundred claimed by plaintiff.

Lombardo *v.* Ferguson.

Defendants introduced one Parks as a witness, who testified that he made a copy of a notice he saw posted on plaintiff's claim.   Defendants then offered this copy in evidence, to the introduction of which plaintiff objected, on the grounds, among others, that the original should be produced, its loss accounted for, or notice to plaintiff to produce it be shown.   The Court overruled the objection, and admitted the copy, plaintiff excepting.

Defendants also showed that it was customary to put up notices in the center or at the end of such claims, indicating the extent thereof.

Defendants had judgment.   Plaintiff appeals.

*L. Quint,* for Appellant.

1. The existence of an original notice having been shown, a copy was not admissible until the loss or destruction of the original was proven.   (*Macey* v. *Goodwin,* 6 Cal.; 2 Id. 25 ; 6 Id. 460 ; 1 Greenl. Ev. sec. 82.)

2. If the original was in plaintiff's custody, notice to produce it was essential before the copy was evidence.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an action to recover possession of a mining claim.   On the trial of the case, the defendant read in evidence a copy of a notice shown to have been posted on the claim in question, and purporting to be a notice signed by the plaintiff, and those from whom he purchased. No foundation was laid for the introduction of this evidence, and its admission was, therefore, erroneous.   The absence of the notice was not accounted for, nor was it shown that the plaintiff had been notified to produce it.   The evidence was secondary in its character, and was admissible upon the same terms which control the introduction of such evidence in other cases.   It could only be resorted to if the higher evidence of the notice itself was not attainable, and to render its introduction proper, that fact should have been shown.

Judgment reversed, and cause remanded for a new trial.